# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

June 26, 2025

*Before*

DIANE S. SYKES, *Chief Judge*

| | |
|---|---|
| Nos. 25-2039 & 25-2057 | BRIAN VUKADINOVICH,<br>    Plaintiff - Appellant, Cross - Appellee,<br><br>v.<br><br>RICHARD A. POSNER,<br>    Defendant - Appellee, Cross - Appellant. |
| **Originating Case Information:** ||
| District Court No: 2:22-cv-00118-TLS-JEM<br>Northern District of Indiana, Hammond Division<br>District Judge Theresa L. Springmann ||

Upon consideration of the **MOTION TO TRANSFER APPEAL TO A DIFFERENT CIRCUIT**, filed on June 23, 2025, by appellant/cross-appellee Brian Vukadinovich,

**IT IS ORDERED** that the motion is **DENIED**. A court of appeals may transfer a case to another circuit for the purpose of curing a jurisdictional defect, but the receiving court must have jurisdiction. *See* 28 U.S.C. § 1631. With exceptions not relevant here, a court of appeals may only review the judgments of the district courts within its circuit. *Id.* § 1294. So there is no legal basis for the requested intercircuit transfer. If, after briefing is complete, it becomes clear that the full court is recused, the chief judge has the option to certify that fact to the Chief Justice of the Supreme Court, who may designate judges from another circuit to sit on the panel. *Id.* at § 291(a); *In re Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). But any request for certification under § 291(a) is premature, and indeed that remedy may not be necessary because of the rule of necessity. *In re Skupniewitz*, 73 F.3d at 705 n.2.