Nos. 25-2039 & 25-2057

U.S.C.A. – 7th Circuit
R E C E I V E D
FEB 09 2026 4

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

BRIAN VUKADINOVICH,

          Plaintiff-Appellant, Cross-Appellee,

v.

RICHARD A. POSNER,

          Defendant-Appellee, Cross-Appellant

**MOTION FOR RULINGS OR IN THE ALTERNATIVE
TRANSFER APPEAL TO ANOTHER CIRCUIT**

Comes now the Appellant, Cross-Appellee, Brian Vukadinovich, pro se, and submits this motion pursuant to F.R.A.P. 27(a)(1) and respectfully moves the Court to issue rulings as to the Appellant, Cross-Appellee's "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" and "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document", or in the alternative transfer this appeal to another circuit. The Appellant, Cross-Appellee states as follows in support of his motion.

    1. On December 12, 2025, the Appellant, Cross Appellee Brian Vukadinovich filed a "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the

1

United States". The Appellee, Cross-Appellant Richard A. Posner did not file a response to the motion.

2. On December 23, 2025, the Appellant, Cross Appellee Brian Vukadinovich filed a "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document" to which the Appellee, Cross-Appellant Richard A. Posner on December 31, 2025 filed a "Defendant's Opposition to Plaintiff's Motion for Enforcement of Rule 10", to which the Appellant, Cross Appellee Brian Vukadinovich on January 2, 2026 filed a "Reply to Appellee, Cross-Appellant's Opposition to the Motion for Enforcement of Rule 10".

3. In the "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" the Appellant Brian Vukadinovich pointed out that the Appellee Richard A. Posner expressly submitted his mental capacity as an issue in this litigation —on the public record. In Appellee Posner's Fifth Defense: "Incapacity", Appellee Posner stated "Plaintiff's claims fail, in whole or in part, because Defendant lacked capacity to form a binding contract." (Dkt. 78, page 15). In Appellee Posner's "Eighth Defense", Appellee Posner stated "Plaintiff's claims are barred, in whole or in part, because any alleged contract, if formed, was unconscionable at the time it was made." (Dkt. 78, page 15). In Appellee Posner's Ninth Defense: Appellee Posner stated " ... Plaintiff knowingly induced Defendant to enter the alleged contracts, Plaintiff knew that **Defendant lacked mental capacity to do so,** ... " (Dkt. 78, page 15). The Appellant Vukadinovich demonstrated with significant and substantial case laws that the lower court's protective order (Dkt. 93) should be vacated and that the document that was filed under seal in the lower court (Dkt.

208 - "Exhibit A") should be unsealed and placed on the public docket. The law is such that because the Appellee. Posner expressly placed his mental capacity at issue in this litigation, that he effectively waived the psychotherapist-patient privilege which the Seventh Circuit made clear in *Vann v. Lone Star Steakhouse & Saloon of Springfield, Id.* and where it cited several other cases it found to be persuasive on the issue such as in in *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D.Pa.1997), where the court set forth its rationale for finding that a party waives the privilege by placing her mental condition at issue. "As this Court knows, the Court had previously held that a litigant may waive the privilege by placing her mental condition at issue and that "allowing a plaintiff to hide behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." Id., citing *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 145 (E.D.Pa.1993). *See also Topol v. Trustees of University of Pennsylvania*, 160 F.R.D. 476, 477 (E.D.Pa.1995) ("Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."); *Price v. County of San Diego*, 165 F.R.D. 614, 622 (S.D.Cal.1996) ("Where patient-litigant has raised an issue as *to his or her psychological state, the privilege will be waived."). See also Puricelli v. Houston,* 2000 U.S. Dist. LEXIS 7976, 2000 WL 760522 (E.D. Pa. 2000) (Kelly, J.M., J.).

    4. In the "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" the Appellant Brian Vukadinovich pointed out that several judges from this circuit were expressly identified by Appellee Richard A. Posner in the lower court proceedings specifically in a document styled as "Defendant's Rule 26(a)(1) Initial

Disclosures" of which document expressly named Judges Frank Easterbrook, Joel Flaum, David Hamilton, Daniel Manion, Kenneth Ripple, Ilana Rovner, John Tinder, and Diane Wood as persons "currently known to Defendant and are likely to have discoverable information that Defendant may use to support his defenses against Plaintiff." Under "Subject Matter" for each Seventh Circuit judge, the Appellee Richard A. Posner stated that the Seventh Circuit judges have information as to "Defendant's incapacity to form the alleged contracts; other allegations or defenses in the pleadings."[1] Because the Appellee Richard A. Posner has proclaimed on a court document in this litigation that Judges Frank Easterbrook, Joel Flaum, David Hamilton, Daniel Manion, Kenneth Ripple, Ilana Rovner, John Tinder, and Diane Wood each personally has information as to "Defendant's incapacity to form the alleged contracts; other allegations or defenses in the pleadings." each of these judges is consequently disqualified from participating in this appeal in any way under Canon 3(C)(1)(a) of the Code of Conduct for United States Judges of which Canon explicitly states "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings" But yet, not a single judge has disqualified him/herself as required notwithstanding that the Appellee Richard A. Posner has expressly identified these Seventh Circuit judges to have intimate information regarding the Appellee's alleged

---

[1] The relevant pages of "Defendant's Rule 26(a)(1) Initial Disclosures" were attached to "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" as Appellant's Exhibit "1".

mental incapacity to form a contract with the Appellant Brian Vukadinovich of which makes each of these judges potential witnesses in this litigation..

    5. On June 26, 2025, Judge Diane Sykes issued an order denying the Appellant's motion to transfer appeal to a different circuit as premature and on jurisdictional grounds stating in the order in relevant part "A court of appeals may transfer a case to another circuit for the purpose of curing a jurisdictional defect, but the receiving court must have jurisdiction. See 28 U.S.C. § 1631. With exceptions not relevant here, a court of appeals may only review the judgments of the district court within its circuit." and when on to state "If, after briefing is complete, it becomes clear that the full court is recused, the chief judge has the option to certify that fact to the Chief Justice of the Supreme Court, who may designate judges from another circuit to sit on the panel…" However, this was not at all true as Chief Judge Sykes completely and conveniently ignored that Rule 26 of the Judicial Conference of the United States in fact **does** permit a court of appeals to transfer a case to another circuit even for purposes other than curing a jurisdictional defect. Rule 26 of the Judicial Conference of the United States expressly states: **"In exceptional circumstances, a chief judge or a judicial council may ask the Chief Justice to transfer a proceeding based on a complaint identified under Rule 5 or filed under Rule 6 to the judicial council of another circuit. The request for a transfer may be made at any stage of the proceeding before a reference to the Judicial Conference under Rule 20(b)(l)(C) or 20(b)(2) or a petition for review is filed under Rule 22. Upon receiving such a request, the Chief Justice may refuse the request or select the transferee judicial council, which may then exercise the powers of a judicial council under these Rules."** [emphasis add]. Commentary on Rule 26

expressly states: "Rule 26 is new; it implements the Breyer Committee's recommended use of transfers. Breyer Committee Report, 239 F.R.D. at 214-15. Rule 26 authorizes the transfer of a complaint proceeding to another judicial council selected by the Chief Justice. Such transfers may be appropriate, for example, in the case of a serious complaint where there are multiple disqualifications among the original council, **where the issues are highly visible and a local disposition may weaken public confidence in the process**, where internal tensions arising in the council as a result of the complaint render disposition by a less involved council appropriate, **or where a complaint calls into question policies or governance of the home court of appeals**. The power to effect a transfer is lodged in the Chief Justice to avoid disputes in a council over where to transfer a sensitive matter and to ensure that the transferee council accepts the matter. Upon receipt of a transferred proceeding, the transferee council shall determine the proper stage at which to begin consideration of the complaint-for example, reference to the transferee chief judge, appointment of a special committee, etc."

6. The issues of this case are highly visible and in light of the Appellee's former presence as a sitting judge on this circuit for 36 years coupled together with his declaration in the instant court proceedings that several current and former judges on this circuit each personally has information as to "Defendant's incapacity to form the alleged contracts; other allegations or defenses in the pleadings.", and yet none of these judges have disqualified or recused, and coupled with Judge Sykes' false statement in her order of June 26, 2025 regarding transfer of appeal to another circuit, it is quite evident that a local disposition would indeed weaken public confidence in the process as the complaint very credibly calls into question policies or governance of this circuit.

7. On June 23, 2025, the Appellant filed a "Motion for Relief from Protective Order in Order that Appellant May Adequately Address the Issues of His Appeal" in pointing out that since the Appellee Richard A. Posner placed his mental capacity at issue in this litigation that several decisions from various courts including the Seventh Circuit in *In re Pebsworth*, 705 F.2d 261 (7th Cir.1983) of which cases cited by the Appellant made clear that a litigant waives any confidentiality privilege by placing his or her mental condition at issue in the litigation, to which Judge Amy J. St. Eve erroneously denied in an order on June 26, 2025, stating that the Appellant should refer to the contents of the inappropriately sealed document, that if Appellant needs to refer to the sealed document "he can move to keep that filing under seal.".

8. On July 2, 2025, the Appellant filed a "Motion for Reconsideration from Order Denying Appellant's Motion for Relief from Protective Order in Order that Appellant May Adequately Address the Issues of His Appeal" to which Judge Amy J. St. Eve denied in an order on July 7, 2025 —without explanation. The Appellant pointed out in his motion that in *United States v. Foster*, 564 F.3d 852, 853" (7th Cir. 2009) Judge Easterbrook made clear in citing a previous decision from this circuit in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002) that "secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)." Judge Easterbrook further made crystal clear in *United States v. Foster, Id.*, **"if they remain in the appellate record, they must be opened to public view."** [emphasis added]. However, Judge St. Eve in her protectionism of the Appellee, a former federal

7

court of appeals judge from this circuit, in her unexplained order chose to completely ignore the law from these controlling decisions.

  9. On December 12, 2025, the Appellant sent to this Court for filing a "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" of which motion set forth in detail various compelling reasons that the judges from this circuit should be disqualified and recused and set forth in detail various compelling reasons that this appeal should be transferred to another circuit. In the interest of brevity, the Appellant will not recite those reasons here as the reasons are clearly enunciated in the aforementioned motion for disqualification and recusal of judges and for transfer of this appeal to another circuit. Two months has now elapsed since the filing of the "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" and this Court has failed to rule on the motion.

  10. On December 23, 2025, the Appellant sent to this Court for filing a "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document" of which motion set forth in detail the fact that the Appellee Richard A. Posner expressly submitted his mental capacity at issue in this litigation —on the public record. In Appellee Posner's Fifth Defense: "Incapacity", Appellee Posner stated "Plaintiff's claims fail, in whole or in part, because Defendant lacked capacity to form a binding contract." (Dkt. 78, page 15). In Appellee Posner's "Eighth Defense", Appellee Posner stated "Plaintiff's claims are barred, in whole or in part, because any alleged contract, if formed, was unconscionable at the time it was made." (Dkt. 78, page 15). In

8

Appellee Posner's Ninth Defense: Appellee Posner stated " ... Plaintiff knowingly induced Defendant to enter the alleged contracts, Plaintiff knew that **Defendant lacked mental capacity to do so**, ... " (Dkt. 78, page 15). The Appellant's motion pointed out that the lower court's protective order (Dkt. 93) should be vacated and that the document that was filed under seal in the lower court (Dkt. 208 - "Exhibit A") should be unsealed and placed on the public docket pursuant to controlling precedents because the Appellee Richard A. Posner expressly placed his mental capacity at issue in this case, and by doing so, he effectively waived the psychotherapist-patient privilege which the Seventh Circuit made clear in *Vann v. Lone Star Steakhouse & Saloon of Springfield, Id.* and where it cited several other cases it found to be persuasive on the issue such as in in *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D.Pa.1997), where the court set forth its rationale for finding that a party waives the privilege by placing her mental condition at issue. "As this Court knows, the Court had previously held that a litigant may waive the privilege by placing her mental condition at issue and that "allowing a plaintiff to hide behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." Id., citing *Premack v. J.C.J. Ogar, Inc.*, 148 F.R.D. 140, 145 (E.D.Pa.1993). *See also Topol v. Trustees of University of Pennsylvania*, 160 F.R.D. 476, 477 (E.D.Pa.1995) ("Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."); *Price v. County of San Diego*, 165 F.R.D. 614, 622 (S.D.Cal.1996) ("Where patient-litigant has raised an issue as *to his or her psychological state, the privilege will be waived.*"). *See also Puricelli v. Houston*, 2000 U.S. Dist. LEXIS 7976, 2000 WL 760522 (E.D. Pa. 2000) (Kelly, J.M., J.).

11. The Appellant's "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document" pointed out that Rule 10(a) of the Seventh Circuit Operating Procedures expressly states "*Requirement of Judicial Approval*. Except to the extent portions of the record are required to be sealed by statute (e.g., 18 U.S.C. §3509(d)) or a rule of procedure (e.g., Fed. R. Crim. P. 6(e), Circuit Rule 26.1(b)), **"every document filed in or by this court (whether or not the document was sealed in the district court) is in the public record unless a judge of this court orders it to be sealed**." The record demonstrates that no judge of this court has ordered the document at issue (Dkt. 208) to be sealed. And yet Judge St. Eve completely ignored and disregarded this circuit's operating rule when she denied Appellant's motion to unseal the document (Dkt. 208). More than six weeks has now elapsed since the filing of the "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document" and this Court has failed to rule on the motion.

12. It is quite apparent by this circuit's conduct of judges who have been expressly identified by the Appellee Richard A. Posner to have intimate information about his alleged mental instability and the alleged ramifications of his mental instability to the breach of contract issues, and who have failed to disqualify and recuse themselves from this appeal, that it is entirely inappropriate for this circuit to be deciding this appeal. It is quite apparent by this circuit's conduct of failing and refusing to follow the controlling case laws regarding the issue of the Appellee Richard A. Posner's waiver of privilege by expressly placing his mental condition at issue in his affirmative defenses and yet refusing to follow the controlling precedents by refusing to unseal the document (Dkt. 208), that it is entirely inappropriate for this circuit to be deciding this appeal. It is

10

quite apparent by this circuit's conduct of failing and refusing to follow its own operating rule, i.e., "Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document", that it is entirely inappropriate for this circuit to be deciding this appeal. And it is quite apparent by this circuit's conduct of failing to rule on the Appellant's "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document" and "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document", that it is entirely inappropriate for this circuit to be deciding this appeal.

13.  The record very clearly demonstrates the extreme favoritism and protectionism for the Appellee Richard A. Posner, a former member of this circuit for 36 years, to the point that this circuit has chosen to disregard controlling case laws and even its own operating rule to wrongfully protect the Appellee Richard A. Posner. The Appellant Brian Vukadinovich is entitled to fairness and justice and to a ruling for each of the motions that this circuit has failed to rule on in its continuance protectionism of the Appellee Richard A. Posner, and in doing so, the judges in this circuit are violating the expressly stated dictates as set by the Code of Conduct for United States Judges. Canon 1 expressly states "An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective." Under "Commentary" for Canon 1 it is expressly stated "Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend

in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law. The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances. The Code is to be construed so it does not impinge on the essential independence of judges in making judicial decisions." Canon 3 expressly states in relevant part "The judge should adhere to the following standards: (A) Adjudicative Responsibilities. (1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism….(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law." It is more than clear that the judges of this circuit are not adhering to the strict requirements of the aforementioned Codes of Conduct for United States Judges in order to wrongfully protect the Appellee Richard A. Posner, one of its own, for the aforementioned stated reasons.

    14. The Appellant Brian Vukadinovich is entitled to a ruling on each of the unruled upon motions, and if this circuit is not willing and capable of following the controlling precedents and not willing and capable of following its own operational rule due to its obvious favoritism and protectionism of the Appellee Richard A. Posner, a former member of this circuit, then this appeal should be transferred to another circuit pursuant to Rule 26 of the Judicial Conference of the United States.

*"What just is, isn't always Jus-tice."*
　~ Amanda Gorman

Wherefore, the Appellant Brian Vukadinovich requests that this Court follow the controlling case laws and its own operational rule and issue rulings as to his "Motion for Disqualification and Recusal of Judges and for Transfer of Proceedings to Another Circuit Pursuant to Rule 26 of the Judicial Conference of the United States" and "Motion for Enforcement of Rule 10 of the Seventh Circuit Operating Procedures for Unsealing of Document", or in the alternative transfer this appeal to another circuit pursuant to Rule 26 of the Judicial Conference of the United States.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Brian Vukadinovich*
　　　　　　　　　　　　　　　　Brian Vukadinovich, Pro Se
　　　　　　　　　　　　　　　　1129 E. 1300 N.
　　　　　　　　　　　　　　　　Wheatfield, Indiana 46392
　　　　　　　　　　　　　　　　Tel. 219-956-2462

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,693 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Office Microsoft Word Version 1808 in Times New Roman 12-point font, a proportionally spaced typeface.

Dated: February 4, 2026

                                                          */s/ Brian Vukadinovich*
                                                         Brian Vukadinovich
                                                         Plaintiff-Appellant, Cross Appellee

PROOF OF SERVICE

The undersigned certifies that on February 4, 2026, the foregoing was sent for filing via United States Postal Service to the Clerk of the United States Court of Appeals for the Seventh Circuit in Chicago, a copy of which was served via email on the Defendant's below listed counsel of record per agreement to receive such papers via email.

Justin M. Ellis
jellis@mololamken.com

Kenneth Notter
knotter@mololamken.com

Steven F. Molo
smolo@mololamken.com

David Beach
dbeach@eichorn-law.com

*/s/ Brian Vukadinovich*
Brian Vukadinovich, Pro Se
1129 E. 1300 N.
Wheatfield, Indiana 46392
Tel. 219-956-2462
Email: bvukadinovich@hotmail.com

**BRIAN VUKADINOVICH**
**1129 E. 1300 N.**
**WHEATFIELD, INDIANA 46392**
**Tel. (219) 956-2462**

---

February 4, 2026

Office of the Clerk
United States Court of Appeals
For the Seventh Circuit
219 S. Dearborn Street
Chicago, Illinois 60604-1874

      Re: Brian Vukadinovich v. Richard A. Posner
          No. 25-2039 & 25-2057

Dear Clerk:

Please find enclosed an original and three copies of my *Motion for Rulings Or In the Alternative Transfer Appeal to Another Circuit*. Kindly enter this filing into the record. Thank you for your attention to this matter.

Sincerely,

*/s/ Brian Vukadinovich*

Brian Vukadinovich
Pro Se

Enclosures